OPINION OF THE COURT
John A. Fusco, S.
In this pending proceeding, the decedent died a resident of Richmond County on February 3, 1981. A petition for letters of administration was filed on November 1, 1983 by decedent’s *409 sister, Catherine Gluck, and an alleged nonmarital daughter of the decedent, Denise Levanis. This petition was found to be defective on its face and was dismissed. It was not until March 6, 1997, over 13 years later, that Denise Levanis, alone, petitioned for letters as decedent’s sole distributee.
A paternity hearing was held pursuant to EPTL 4-1.2 to determine whether Denise Levanis was decedent’s sole distributee, and after the hearing, the court determined that indeed, Denise Levanis is decedent’s nonmarital daughter and sole distributee. On June 18, 1997, more than 16 years after decedent’s death, letters of administration finally issued to Denise Levanis. It was this 16-year delay in the granting of letters which leads to the issue currently before the court.
At the time of his death, decedent was an employee of the New York City Department of Sanitation and had participated in the New York City Employees’ Retirement System (hereinafter referred to as NYCERS). It is undisputed that as of February 3, 1981, the estate of Dennis Levanis was entitled to a death benefit in the amount of $183,348.06, and this was the amount ultimately paid to the estate by NYCERS on or about July 30, 1997. The administratrix seeks the payment of interest for the 16 years that said sum remained with NYC-ERS. The respondent contends that they are not mandated by law to pay interest inasmuch as the 16-year delay was entirely due to the petitioner’s inaction and that NYCERS was, at all times, ready to pay the death benefit to a duly authorized fiduciary. The issue for determination herein is a simple one: must NYCERS pay to petitioner the total sum of accumulated, unpaid interest on the principal amount of $183,348.06 held by respondent from date of death, February 3, 1981 until July 30, 1997?
The administratrix claims NYCERS owes the estate of Dennis Levanis $609,713.80 in accrued interest based on the statutory scheme set forth in Retirement and Social Security Law § 61-a. The respondent, however, notes that section 61-a does not apply to any other public retirement system except the New York State and Local Employees’ Retirement System. It does not apply to NYCERS.
The law of New York is well settled that in the absence of default, interest “can be allowed only by virtue of some contract, express or implied, or by statute” (Woerz v Schumacher, 161 NY 530, 534). The rights and obligations of NYCERS members are governed by the Administrative Code of the City of New York. There exists no contract, either express or *410 implied, nor is there any statute in either the New York City Administrative Code or in the New York State Retirement and Social Security Law which mandates that NYCERS pay interest on death benefits. Nor do the facts herein create an exception to the general rule, as contemplated in Woerz, for which interest may be awarded.
Finally, the petitioner urges the court to exercise its broad equitable powers in directing NYCERS to pay accrued interest herein. Petitioner contends that simple rules of equity and fairness mandate that respondent should be ordered to pay interest since it would be unfair that respondent should benefit from the 16-year delay in appointing a fiduciary in this estate. The essential inquiry in any action for unjust enrichment, however, is whether it is against equity and good conscience to permit the respondent to retain what is sought to be recovered (Paramount v State of New York, 30 NY2d 415, 421).
Indeed, the Court of Appeals in McGrath v Hilding (41 NY2d 625, 629) set forth the requirements for prevailing in an action to recover based on unjust enrichment: “Enrichment alone will not suffice to invoke the remedial powers of a court of equity. Critical is that under the circumstances and as between the two parties to the transaction the enrichment be unjust * * * Hence, whether there is unjust enrichment may not be determined from a limited inquiry confined to an isolated transaction. It must be a realistic determination based on a broad view of the human setting involved (cf. Sinclair v Purdy, 235 NY 245, 254 * * * Janke v Janke, 47 AD2d 445, 448, affd 39 NY2d 786).”
In applying the McGrath standard, the court reviewed the facts and circumstances of the case at bar and finds no unjust enrichment for which the petitioner may be compensated. NYC-ERS shortly after learning of the death of one of its members, contacted the petitioner and advised her that since Regina Levanis, the mother of the decedent, was his designated beneficiary and since she had predeceased the decedent, the death benefit from NYCERS was payable to the estate of Dennis Levanis. The correspondence further advised petitioner that it was necessary that an administrator be appointed by the Surrogate’s Court and the NYCERS had to be furnished with a certificate from the court evidencing said appointment.
The responsibility for the more than 15-year delay in the appointment of a fiduciary is attributable to the petitioner and not the City of New York. Indeed, within 30 days of receiving a copy of letters of administration appointing Denise Levanis, *411 NYCERS mailed to her attorneys a check in the amount of $183,348.06 representing payment of the death benefit owed to the estate. It was petitioner who failed for over 15 years to take those steps necessary to collect the death benefit. The blame lies not with NYCERS, but with the petitioner.
Accordingly, the court finds no statutory authority for awarding interest herein, no contract under which interest may be payable, nor will the court exercise its discretionary powers to award interest to the estate, there being no finding of unjust enrichment.